

# THE ATTORNEY GENERAL

## OF TEXAS

WAGGONER CARR
ATTORNEY GENERAL

AUSTIN 11, TEXAS

February 4, 1966

Honorable Dean Martin
County Attorney
Grayson County
Sherman, Texas

Dear Mr. Martin:

Opinion No. C-597

Re: Whether election judges and
clerks may be paid for over-
time work in counties under
500,000 in population.

Your request for an opinion reads as follows:

"Please let me have your opinion in answer to
the following question:

"'Can judges and clerks of general, special
or primary elections be legally paid overtime for
hours worked in excess of 10 hours per day in
holding such elections in Grayson County?'

"Art. 3.08 of the Texas Election Code as
amended by Acts 1965, 59th Legislature, provides
for the rate of pay and the determining of same
for judges and clerks of general, special and
primary elections. This article provides for
overtime pay for such judges and clerks in
counties having a population of 500,000 or more,
but omits any mention of such pay in counties
having a population of 500,000 or less.

"Grayson County has a population of 73,043
according to the 1960 Federal Census."

Article 3.08 of Vernon's Texas Election Code, as
amended in 1965 (Acts 59th Leg., ch. 678, sec. 3, p. 1554),
provides:

"The pay of judges and clerks of general and
special elections shall be determined by the Commis-
sioners Court of the county where such services are
rendered and, in primary elections, by the County

-2884-

Executive Committee of the party conducting such primary election, but the same shall not exceed Twelve Dollars and Fifty Cents ($12.50) per day for each judge or clerk; provided, however, that in counties having a population of 500,000 or more according to the last preceding Federal Census, said judges and clerks may each be paid at the rate of $1.25 per hour for any time in excess of a day's work as hereinafter defined. A judge who delivers returns of the election immediately after the votes have been counted shall be paid Five Dollars ($5) for that service; provided also, he shall make returns of all election supplies not used when he makes the return of the election. Ten (10) working hours shall be considered a day within the meaning of this Article. The compensation of the judges and clerks of general and special elections shall be paid by the County Treasurer of the county where such service was rendered upon the order of the Commissioners Court."

A review of the legislative history of Article 3.08 is essential to a proper determination of the legislative intent with respect to overtime pay for election officers. As enacted in 1951, when the election laws were codified into the present Election Code, Article 3.08 read as follows:

"The pay of judges and clerks of general and special elections shall be determined by the Commissioners Court of the county where such services are rendered, and in primary elections by the County Executive Committee of the party conducting such primary election, but same shall not exceed Ten Dollars ($10) a day for each judge or clerk, nor exceed One Dollar ($1) per hour each for any time in excess of a day's work as herein defined. The judge who delivers the returns of election immediately after the votes have been counted shall be paid Two Dollars ($2) for that service; provided, also, he shall make returns of all election supplies not used when he makes returns of the election. Ten (10) working hours shall be considered a day within the meaning of this Article. The compensation of judges and clerks of general and special elections shall be

paid by the County Treasurer of the county where such services are rendered upon order of the Commissioners."

With ten dollars being fixed as the maximum pay for a ten-hour working day, it is seen that the maximum rate for both regular working time and for overtime was $1.00 per hour. In 1963, Article 3.08 was amended for several purposes but the rate of pay remained the same. Acts 58th Leg., R.S. 1963, ch. 424, sec. 11, p. 1030. The pertinent portion of the 1963 amendment read as follows:

"In all elections, general, special, or primary, by whatever authority conducted, the rate of pay for judges and clerks of the election shall be determined by the appropriate authority, but shall not exceed one dollar per hour for each judge or clerk. In precincts where voting machines are used, no judge or clerk shall be paid for any period of time in excess of two hours after voting has been concluded.  * * *"

The 1965 amendment to Article 3.08 was enacted as a part of House Bill No. 114, which also amended several other articles of the Election Code. As originally introduced, the bill unequivocally provided for an increase in the maximum hourly rate from $1.00 to $1.25, with no change from the 1963 amendment as to the number of hours for which compensation could be paid. As reported out of the House Committee on Privileges, Suffrage and Elections and as passed by the House with a vote of 114 yeas and 26 nays, the bill provided for an increase to $1.25 per hour, keeping the limitation that no judge or clerk in precincts using voting machines should be paid for more than two hours after voting had been concluded, and adding the limitation, applicable in both voting-machine precincts and paper-ballot precincts, that no judge or clerk should be paid for any period of time in excess of one hour before voting began. The Senate Committee on Privileges and Elections reported out a committee substitute for H.B. 114 which deleted the amendment to Article 3.08, and the amendment finally enacted was adopted as a Senate floor amendment, along with one other floor amendment to the committee substitute (Senate Journal for May 26, 1965, p. 1855 of the daily journal).

The House concurred in these amendments by a vote of 120 yeas and 16 nays.

The normal period during which the polls are open is 12 hours. Art. 2.01, Election Code. Although no statutory limit is placed on the number of clerks who may be employed at a polling place (see Art. 3.01), presiding election judges often find it difficult to procure an adequate number of clerks to keep the counting of ballots more or less current with the casting of the ballots during voting hours, and limitations of space, equipment, and other necessary facilities at the polling place often make it impossible to utilize a sufficient number of clerks to complete the counting of ballots within a short time after the polls close even if the necessary manpower is available. It is common knowledge that in primary and general elections where paper ballots are used, the counting of ballots in many precincts is not completed until the early morning hours, or later, after the polls close. Indeed, Articles 8.30, 8.31, and 8.32 of the Election Code, as amended in 1963, recognize that a substantial period of additional time is required in some elections, by providing 24 hours as the limit on the time allowed for completing the count and delivering the returns.

Under Article 3.08 as it existed prior to the 1965 amendment, an election officer could receive as much as $12.50 or $13.00 for service rendered before the polls closed (see Art. 8.02, requiring the presiding judge and a corps of clerks to begin work at least half an hour before opening of the polls, and Art. 3.02, authorizing the presiding judge to determine the length of time that clerks may be absent for meals, etc.). Where the maximum rate was paid, it was not uncommon for election officers to be paid up to $18 or $20 for their combined services during voting hours and after the polls closed. If failure of the 1965 amendment to make express provision allowing payment in excess of $12.50 for total services rendered in counties under 500,000 precludes payment for overtime service, the amendment in many instances would effect a substantial reduction in compensation. Yet the history of the bill in the House indicates in clear terms that this branch of the Legislature interpreted the Senate floor amendment as authorizing an increase in compensation, harmonious with the action which the House had taken originally in passing the engrossed bill which it sent to the Senate.

Hon. Dean Martin, page 5 (C-597)

Furthermore, the amendment on its face, when compared with the 1963 wording and without resort to a knowledge of conditions as they existed in actual practice, appears to have the purpose of increasing the compensation of election officers, and it is reasonable to conclude that both the House and the Senate so understood the amendment. The provision stating that "ten working hours shall be considered a day within the meaning of this Article" is referable to the provision fixing the maximum pay at $12.50 "per day" as well as the provision expressly relating to overtime pay in counties having a population of 500,000 or more. The reasonable construction of the amendment in reverting to a maximum amount "per day" instead of a maximum amount per hour, and in defining a day as ten working hours, is that comparable compensation may be paid for time in excess of ten working hours. It is our opinion that this was the meaning of the amendment as the Legislature understood and intended it.

The lodestar of statutory construction, ascertainment and effectuation of legislative intent, is aptly characterized in the following quotation appearing in the early case of State v. Delesdenier, 7 Tex. 76, 106 (1851):

"A thing which is within the intention of the makers of a statute is as much within the statute as if it were within the letter;" "and a thing which is within the letter of the statute is not within the statute unless it be within the intention of the makers."

Accordingly, we hold that in counties under 500,000 inhabitants, the election judges and clerks may be paid for service in excess of ten working hours at a rate not to exceed $1.25 per hour.

SUMMARY

Although Article 3.08 of Vernon's Texas Election Code, as amended by Chapter 678, Acts of the 59th Legislature, 1965, fails to make any express provision for overtime pay for election judges and clerks in counties under 500,000 inhabitants, the judges and clerks in these counties may be paid for service in

Hon. Dean Martin, page 6 (C-597)

excess of ten working hours at a rate not to
exceed $1.25 per hour.

Yours very truly,

WAGGONER CARR
Attorney General

By: *Mary K. Wall*
Mary K. Wall
Assistant

MKW:sj:ra

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Pat Bailey
John Banks
W. O. Shultz
John Reeves

APPROVED FOR THE ATTORNEY GENERAL
BY: T. B. Wright